**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 12-cv-03313-MSK-BNB

TINA M. CRUM,

    Plaintiff,

v.

ADAM L. WAY,

    Defendant.

---

**OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on the Defendant Adam Way's Motion for Partial Summary Judgment **(#25)**, the Plaintiff Tina Crum's Response **(#26)**, and Mr. Way's Reply **(#27)**.

## I.   ISSUE PRESENTED

In this action, Ms. Crum asserts two claims against Mr. Way arising from her employment by Mr. Way: (1) retaliatory discharge and harassment pursuant to C.R.S. § 13-17-134 and (2) failure to provide overtime pay for the time she worked in excess of forty hours per week in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1).

Mr. Way moves for summary judgment on Ms. Crum's second claim, arguing that Ms. Crum was exempt from the FLSA's overtime pay requirement because she was employed in an administrative capacity. 29 U.S.C. § 213(a)(1).

## II.     MATERIAL FACTS

Based upon the evidence submitted by the parties, which the Court construes most favorably to the Plaintiff, the Court finds as follows:

Mr. Way operates a business that provides clients with financial planning, investment and advisory services, and trust services. Mr. Way also offered his clients a range of insurance products.

Ms. Crum was employed by Mr. Way as an Associate Financial Representative ("AFR") between June 2010 and April 2012. She worked full-time and was paid a biweekly salary of $1,250. Ms. Crum primarily performed office work and served as a liaison between Mr. Way and his clients. Her duties included typing correspondence to Mr. Way's clients, maintaining client files, filing paperwork, maintaining Mr. Way's schedule, scheduling appointments with clients, and answering calls from clients and directing them to the appropriate personnel. In addition, Ms. Crum performed underwriting duties, processing up to 100 insurance applications per month. Because of her underwriting duties, Ms. Crum was required to have a license to sell health and life insurance. She also completed a series of training programs and associated exams required for new Northwestern Mutual financial representatives.

## III.     STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party

with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser–Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed.R.Civ.P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward,* 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a prima facie claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

### IV.     ANALYSIS

Ms. Crum asserts that Mr. Way failed to pay her overtime wages in violation of the FLSA.  29 U.S.C. § 207(a)(1).  Mr. Way responds that he was not obligated to do so because Ms. Crum was employed in an administrative capacity and therefore was not covered by FLSA.  29 U.S.C. § 213(a)(1).

Certain employees are not protected by FLSA.  Among them are those subject to the "the administrative exemption."  It applies to any "employee employed in a bona fide executive, administrative, or professional capacity" who (i) is "[c]ompensated on a salary or fee basis of not less than $455 per week," (ii) whose "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (iii) whose "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. 541.200(a)(1)-(3).

As to whether an employee falls within this exemption, it is the employer who bears the burden of proof.  *Pacheco v. Whiting Farms, Inc.,* 365 F.3d 1199, 1203 (10th Cir. 2004).  This exemption, like others under the FLSA, must be narrowly construed, and as a consequence the employer must show that the plaintiff "plainly and unmistakably" falls within the exemption's terms.  *Rodriguez v. Whiting Farms, Inc.,* 360 F.3d 1180, 1184 (10th Cir. 2004).

Ms. Crum concedes that her employment with Mr. Way satisfied the first two requirements of the administrative exemption.  The question, therefore, is whether the undisputed facts "plainly and unmistakably" show that Ms. Crum's primary duties included the exercise of discretion and exercise of independent judgment with respect to matters of significance.

Whether an employee exercises discretion and independent judgment is a fact-intensive inquiry that takes in account a number of factors, including (i) "whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices"; (ii) "whether the employee carries out major assignments in conducting the operations of the business"; (iii) "whether the employee has authority to waive or deviate from established policies and procedures without prior approval"; (iv) whether the employee has authority to negotiate and bind the company on significant matters"; (v) "whether the employee provides consultation or expert advice to management"; and (vi) "whether the employee investigates and resolves matters of significance on behalf of management." 29 C.F.R. § 541.202(b). In essence, "the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." § 541.202(a). Further, it "must be more than the use of skill in applying well-established techniques, procedures or specific standards" or "performing other mechanical, repetitive, recurrent or routine work." § 541.202(e).

Here, there is no dispute that one of Ms. Crum's primary duties was underwriting, however, the parties dispute the exact nature of the tasks Ms. Crum performed and the significance of those duties. According to an affidavit from Mr. Way, Ms. Crum's primary duties included (1) "assist[ing] clients in selecting and qualifying for an appropriate and tailored life insurance policy; while considering the advantages and disadvantages, and cost and death benefits of each"; (2) "compar[ing] and evaluat[ing] possible life insurance products to develop individualized advice or strategies for each client"; and (2) "sometimes recommend[ing] that clients make an appointment with certain [medical] specialists." Based on the evidence submitted by Mr. Way, Ms. Crum's duties "involve[d] the comparison and the evaluation of

5

possible courses of conduct, and acting or making a decision after the various possibilities ha[d] been considered." *See* 29 C.F.R. § 541.202(a).

However, Ms. Crum's deposition testimony describes her primary duties quite differently. Ms. Crum testified that her responsibility in reviewing insurance applications was "to make sure everything was filled out properly," by "[m]aking sure everything was marked as it was supposed to be, making sure everything was properly filled out, that nothing was left blank." She acknowledged that she would arrange client medical exams, but testified that she did not make decisions about what types of exams were necessary, but "would just order the ones [Mr. Way or the business's office manager] told [her] to." According to her testimony, she "didn't make decisions as to how much life insurance [clients] could qualify for" and did not meet with clients about potential life insurance for which they might apply. Instead, once clients' applications were complete she "submitted them to Northwestern Mutual to go to the underwriting department." As described by Ms. Crum, her duties involved applying specific standards or performing routine work rather than the comparison and the evaluation of possible courses of conduct. Thus, based on the evidence submitted by Ms. Crum, her duties while employed by Mr. Way did not involve independent judgment or the exercise of discretion.

Ms. Crum has presented sufficient evidence to create a genuine issue of fact as to the nature of her underwriting duties. The exact nature of her duties is material to determining her discretion and independent judgment in order to determine whether the administrative exemption to the FLSA's overtime requirement will apply. Thus, entry of summary judgment is inappropriate and a trial is required.

## V.   CONCLUSION

For the forgoing reasons, Mr. Way's Motion for Summary Judgment (**#25**) is **DENIED**.

Dated this 2nd day of July, 2014.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge